TRANSPORT CLEARINGS OF LOS ANGELES, A CALIFORNIA CORPORATION, APPELLANT, *v.* F. J. PURDY IRON & METALS, INC., A NEVADA CORPORATION, RESPONDENT.

No. 3888

November 2, 1955.                    289 P.2d 172.

---

[3]Lester Adelson. M.D., in "Physician in the Courtroom" (The Press of Western Reserve Univ., 1954).

*Sidney R. Whitmore,* of Las Vegas, for Appellant.

*Elwin C. Leavitt,* of Las Vegas, for Respondent.

## OPINION

By the Court, EATHER, J.:

This is an appeal from an order denying a new trial or to alter or amend a judgment.

In July, 1953, Lipsett Steel Products, Inc., a Los Angeles, California, corporation, requested respondent in Las Vegas, Nevada, to examine certain government-owned railroad rail and ascertain freight charges on its delivery in California. Respondent communicated with Arrowhead Freight Lines in Las Vegas, and with a representative of that company examined the rail. Arrowhead quoted a freight rate of 38 cents per hundred pounds for California delivery. On the basis of respondent's report, Lipsett bid on the rail and was awarded a government contract of sale. Respondent was employed by Lipsett to load the rail onto Arrowhead trucks. This was done. To hasten the shipment on its way the shipping order providing a 38 cents freight rate was signed by respondent as shipper. The order contained no express promise on the part of respondent to pay freight charges.

The rail was duly delivered to Lipsett in California and the freight charges at the 38 cents rate were paid by Lipsett to Arrowhead. Thereafter an audit by Arrowhead disclosed that the quoted rate was in error and was 11 cents per hundred pounds less than the lawful rate prescribed by Interstate Commerce Commission schedules. Arrowhead's claim for the 11 cents differential was assigned to appellant. This action followed appellant's unsuccessful demand for payment.

No question is raised as to Arrowhead's right to the 11 cents differential, notwithstanding its quotation of 38 cents. In the public interest there is both a right and a duty in the carrier to collect the lawful charge in full from the shipper, which right and duty cannot be avoided by contract. Artic Roofings Inc., v. Travers, Del. 3, Terry, 293, 32 Atl.2d 559. The question confronting this court is whether respondent as shipper is liable for

that differential. The trial court, in holding for respondent, ruled that it was not. This holding in our opinion was proper.

As a general rule, a carrier has a right to look for his compensation to the person who required him to perform the service by causing the goods to be delivered to him for transportation, and that person is generally, of course, the shipper named in the bill of lading, or the consignor. Louisville & N. R. Co. v. Central Iron & Coal Co., 265 U. S. 59, 44 S.Ct. 441, 68 L.Ed 900, 9 Am.Jur., Carriers, Sec. 622, page 792. However, in this case, the person who required the goods to be shipped was Lipsett Steel Products, Inc. of California, and not the respondent. It has been held that where the goods being shipped are not owned by the consignor and were not shipped on his account or for his benefit, the carrier is not entitled to call upon the consignor for the freight. Louisville & N. R. Co. v. Central Iron & Coal Co., supra.

Furthermore, in the case before us the fact that respondent signed the shipping order as shipper is of no significance from the point of contractual liability. If any implied promise might have been created by this act it could not affect the 11 cents differential. The obligation to pay that differential is one implied by law in the public interest. It does not spring from the provisions of the shipping order but exists despite and contrary to those provisions. It exists against the shipper who has profited by the carrier's imposition of a lesser charge than was prescribed by law. Respondent in point of fact was not the shipper. Arrowhead, through knowledge of Lipsett's ownership of the rail and of respondent's true position in the transaction, was aware of this fact. Appellant, then, has failed to establish liability on the part of respondent.

Affirmed with costs.

MERRILL, C. J., and BADT, J., concur.